UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAQUILLE DINKINS,

                  Plaintiff,

- against -

C.O. REGALADO, ET AL.,

                  Defendants.

21-cv-6285 (JGK)

MEMORANDUM OPINION
AND ORDER

**JOHN G. KOELTL**, District Judge:

    The plaintiff alleges that, while he was in the custody of the New York City Department of Correction ("DOC"), he was stabbed in the neck by an unnamed inmate. The plaintiff alleges that DOC failed to protect him because, despite being aware of a "gang-war" at the facility, it transferred two inmates from a rival gang into his housing area, leading to a riot and the plaintiff's being stabbed. ECF No. 2, at 4. The plaintiff has sued Correction Officer Regalado, Warden Walker, the City of New York, and three John Doe Correction Officers based on alleged failure to protect the plaintiff from violence, in violation of the plaintiff's constitutional rights pursuant to 42 U.S.C. § 1983. The defendants have moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim. The Court has twice extended the plaintiff's time to respond to the motion, but no response has been filed.

The complaint should be dismissed against the individual defendants because the plaintiff has failed to allege any personal involvement by the individual defendants in the events about which the plaintiff complains. See Moffitt v. Town of Brookfield, 950 F.2d 880, 886 (2d Cir. 1991) ("[P]ersonal involvement of defendants in alleged constitutional deprivations is a prerequisite of an award of damages under § 1983.").[1] The plaintiff does not allege that C.O. Regalado or Warden Walker was personally involved in the decision to place the inmates from the rival gang in the plaintiff's housing, or that C.O. Regalado or Warden Walker was personally involved in the gang riot that allegedly followed. Similarly, the complaint does not explain how the John Doe defendants were involved in the underlying events at all.[2] Because the complaint fails to allege

---

[1] Unless otherwise indicated, this Memorandum Opinion and Order omits all alterations, citations, footnotes, and quotation marks in quoted text.

[2] On July 27, 2021, this Court ordered the New York City Law Department to "ascertain the identity and badge number of each John Doe whom Plaintiff seeks to sue here and the address where the defendant may be served." ECF No. 6, at 2. On October 18, 2021, the Law Department requested that the Court relieve the Law Department of its obligation to identify the John Doe defendants, and to sua sponte stay the case until the plaintiff updated his address on the docket. ECF No. 17. The Court stayed the case pending the plaintiff's update of his address, ECF No. 18, and the plaintiff later updated his address on the docket, ECF No. 19. However, the Law Department has never identified the John Doe defendants. Accordingly, the Law Department is directed to identify the John Doe defendants, pursuant to the July 27,

2

the individual defendants' personal involvement in the alleged constitutional deprivations, the complaint should be dismissed against the individual defendants.

The complaint should also be dismissed against the City because the plaintiff has failed to allege a constitutional violation that was caused by a municipal policy or custom. See Monell v. Dep't of Social Servs., 436 U.S. 658, 694 (1978). Moreover, all the factual allegations in the complaint arise from a single incident, and this is insufficient to establish the existence of a policy or custom. See, e.g., Ricciuti v. N.Y.C. Transit Auth., 941 F.2d 119, 123 (2d Cir. 1991).

The defendants urge that the complaint be dismissed with prejudice because any amended complaint would be futile. However, it cannot be determined whether the plaintiff could allege additional facts to state a claim against the defendants. Moreover, "[d]istrict courts generally grant a pro se plaintiff an opportunity to amend a complaint to cure its defects." Steele v. Zhejiang Hushai Pharm. Co. Ltd., No. 19-cv-4106, 2019 WL 2357538, at *2 (S.D.N.Y. June 3, 2019). Accordingly, the complaint should be dismissed without prejudice.

2021 Order, by **Friday, September 30, 2022**, and to provide this information to the plaintiff and the Court by that date.

## CONCLUSION

The Court has considered all of the parties' arguments. To the extent not specifically addressed above, the arguments are either moot or without merit. For the foregoing reasons, the defendants' motion to dismiss is **granted.** The complaint is dismissed without prejudice. The Law Department is reminded that it should comply with the July 27, 2021 Order by identifying the John Doe defendants by **Friday, September 30, 2022.** The plaintiff may file an amended complaint by **Monday, October 17, 2022.** The plaintiff is also advised that he may seek legal advice and assistance from the New York Legal Assistance Group (NYLAG). An informational flyer regarding NYLAG is attached to this Memorandum Opinion & Order.

The Clerk is directed to close all pending motions. The Clerk is also directed to send a copy of this Order to the pro se plaintiff and to note service on the docket of the Court.

SO ORDERED.
Dated:   New York, New York
         September 19, 2022

_____
John G. Koeltl
United States District Judge

# Notice For Pro Se Litigants

As a public health precaution, the New York Legal Assistance Group's Legal Clinic for Pro Se Litigants has temporarily suspended all in-person client meetings as of Tuesday, March 17, 2020.

Limited scope legal assistance will continue to be provided, but only by appointment and only over the phone. During this time, we cannot assist walk-in visitors to the clinic.

If you need the assistance of the clinic, please call <u>212-659-6190</u> and leave a message, including your telephone number, and someone will get back to you as soon as possible. If you do not leave a message with your telephone number, we cannot call you back.

Please be patient because our responses to your messages may be delayed while we transition to phone appointments.





**NYLAG**
New York ▬▬ Legal Assistance Group