UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

SHAQUILLE DINKINS,

                Plaintiff,             21-cv-6285 (JGK)

- against -                     ORDER

C.O. REGALADO, ET AL.,
                Defendants.

---

JOHN G. KOELTL, District Judge:

    The plaintiff, proceeding pro se, filed the complaint in this action on July 23, 2021, alleging violations of his constitutional rights by Correction Officer Regalado, Warden Walker, the City of New York, and three John Doe Correction Officers. ECF No. 2, at 1-2. The complaint alleged that on March 8, 2019, while the plaintiff was a City inmate, the defendants failed to protect him from an attack by another inmate. ECF No. 2, at 4. On July 27, 2021, the Court directed the New York City Law Department to identify the John Doe defendants pursuant to Valentin v. Dinkins, 121 F.3d 72, 76 (2d Cir. 1997). ECF No. 6. In an opinion dated September 19, 2022, the Court dismissed the complaint without prejudice for failure to state a claim. Dinkins v. Regalado, No. 21-cv-6285, 2022 WL 15113599, at *1-2 (S.D.N.Y. Sept. 19, 2022). The Court directed the Law Department to identify the John Doe defendants by September 30, 2022 and authorized the plaintiff to file an amended complaint by October 17, 2022. Id. at *2.

    On September 30, 2022, the Law Department brought to the Court's attention a Stipulation of Settlement dated May 31, 2022

and a General Release dated June 22, 2022, both of which the plaintiff had executed as part of a settlement in another matter, Dinkins v. Gustave, No. 19-cv-2336 (S.D.N.Y. filed Mar. 14, 2019). See ECF No. 32-1 in No. 21-cv-6285. In view of that settlement, the Law Department asked the Court to dismiss sua sponte any remaining claims in this matter as barred by the General Release and to hold in abeyance the City's Valentin obligations. ECF No. 32, at 1. The Court stayed the case and directed the plaintiff to respond to the motion by October 24, 2022. ECF No. 33.

More than three months have passed since the Law Department's motion, and the plaintiff has failed to respond. The City now asks that its motion be deemed unopposed and fully briefed. ECF No. 34. The City's request is **granted**, and the complaint in this action is **dismissed with prejudice**. "[A] release that is clear and unambiguous on its face and which is knowingly and voluntarily entered into will be enforced." Pampillonia v. RJR Nabisco, Inc., 138 F.3d 459, 463 (2d Cir. 1998). In the General Release, the plaintiff "release[d] and discharge[d]" "all past and present officials, employees, representatives, and agents of the City of New York" from "any and all liability, claims, or rights of action alleging a violation of" the plaintiff's civil rights, "from the beginning of the world" until June 22, 2022, the "date of th[e] General Release." ECF No. 32-1, at 6. In this action, the plaintiff alleges violations of his civil rights by the City and

2

several of its employees or agents stemming from an incident on March 8, 2019 – more than three years before the date of the General Release. The General Release unambiguously covers, and accordingly bars, the plaintiff's claims in this action. See, e.g., Staples v. Officer Acolatza, No. 14-cv-3922, 2016 WL 4533560, at *3 (S.D.N.Y. Mar. 9, 2016) (collecting cases "consistently conclud[ing] that similarly phrased releases between federal civil rights claimants and the City of New York bar[red] suit against the City and its employees for alleged conduct predating the release").

Because the General Release is unambiguous and bars the claims in this action, and because there is no indication that the plaintiff did not knowingly and voluntarily enter into the General Release, the complaint is **dismissed with prejudice**. The Clerk's Office is respectfully directed to close this matter, to mail a copy of this Order to the pro se plaintiff, and to note service on the docket of the Court.

SO ORDERED.
Dated:     New York, New York
           January 5, 2023

                                    _____
                                         John G. Koeltl
                                    United States District Judge